1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   Loren Kieve (Bar No. 56280)
2  Deepak Gupta (Bar No. 226991)
   Bianca Thomas (Bar No. 228788)
3  Dugan Bliss (Bar No. 229623)
   50 California Street, 22nd Floor
4  San Francisco, California 94111
   Tel:    (415) 875-6600
5  Fax:    (415) 875-6700

6  LAWYERS' COMMITTEE FOR CIVIL RIGHTS
   OF THE SAN FRANCISCO BAY AREA
7  Michael Harris (Bar No. 118234)
   131 Steuart Street, Suite 400
8  San Francisco, CA  94105
   Tel:    (415) 543-9444
9  Fax:    (415) 543-0296

10  Attorneys for Plaintiff
    Samantha Allen-Wise

11

12
                    UNITED STATES DISTRICT COURT
13
                  NORTHERN DISTRICT OF CALIFORNIA
14
                 SAN FRANCISCO/OAKLAND DIVISION
15
                      C 04 2228 JCS
16

17  SAMANTHA ALLEN-WISE,              )   CASE NO.
                                      )
18              Plaintiff,            )   COMPLAINT FOR DAMAGES AND
                                      )   INJUNCTIVE RELIEF FOR DEPRIVATION
19        v.                          )   OF EQUAL RIGHTS UNDER THE LAW,
                                      )   DISCRIMINATION IN PLACES OF PUBLIC
20                                    )   ACCOMMODATION, CONSPIRACY TO
    BEBE STORES INCORPORATED, a       )   DENY CIVIL RIGHTS, FAILURE TO
21  California Corporation, and MELISSA )  PREVENT CONSPIRACY TO DENY CIVIL
    BUNFILL, an individual,           )   RIGHTS, VIOLATION OF THE UNRUH
22                                    )   CIVIL RIGHTS ACT, UNFAIR BUSINESS
                                      )   PRACTICES, SLANDER PER SE,
23              Defendants.           )   INTENTIONAL INFLICTION OF
                                      )   EMOTIONAL DISTRESS AND NEGLIGENT
24                                    )   HIRING, RETENTION, SUPERVISION AND
                                      )   TRAINING;
25  _____  )
                                      )   DEMAND FOR JURY TRIAL
26

27        Plaintiff Samantha Allen-Wise complains against Bebe Stores Incorporated and Melissa

28  Bunfill as follows:

    COMPLAINT                                                          18031/69062.3

**INTRODUCTORY STATEMENT**

1.      This action is brought by Samantha Allen-Wise, an African-American woman who was subjected to racially discriminatory, slanderous and outrageous statements and behavior at a retail clothing store owned and operated by defendant Bebe Stores Incorporated.  She is bringing this action for:

> (a)      deprivation of equal rights under law (42 U.S.C. § 1981);
>
> (b)      discrimination in places of public accommodation (42 U.S.C. § 2000a);
>
> (c)      conspiracy to deprive Ms. Allen-Wise of her civil rights (42 U.S.C. § 1985(3));
>
> (d)      failure to prevent conspiracy to deprive Ms. Allen-Wise of her civil rights (42 U.S.C. § 1986);
>
> (e)      violation of the Unruh Civil Rights Act, California Civil Code § 51;
>
> (f)      violation of California Business and Professions Code § 17200;
>
> (g)      slander *per se* under California Civil Code § 46 and California tort law;
>
> (h)      intentional infliction of emotional distress under California tort law; and
>
> (i)      negligent hiring, retention, supervision and training under California tort law.

**THE PARTIES**

2.      Plaintiff Samantha Allen-Wise is a resident of Oakland, California.

3.      Defendant Bebe Stores Incorporated ("Bebe") is a California corporation with its principal place of business at 400 Valley Drive in Brisbane, California.  Bebe owns and operates a retail clothing store located at 21 Grant Avenue in San Francisco, California.

4.      On information and belief, defendant Melissa Bunfill is a California resident who is and/or was employed by defendant Bebe at the retail clothing store owned and operated by Bebe at 21 Grant Avenue in San Francisco, California.

**JURISDICTION AND VENUE**

5.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. §§ 1981, 1985, 1986, and 2000a-6.

COMPLAINT

-2-

18031/69062.3

6.      This Court has supplemental jurisdiction over Ms. Allen-Wise's state law claims pursuant to 28 U.S.C. § 1367 because they form part of the same case or controversy under Article III of the United States Constitution as the claims over which this Court has original jurisdiction.

7.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1391(c).  A substantial part of the events giving rise to Ms. Allen-Wise's claims occurred in this District at the Bebe retail store at 21 Grant Avenue in San Francisco, California.  Bebe also has its principal place of business in this District and, on information and belief, Ms. Bunfill resides in this District.

### INTRADISTRICT ASSIGMNENT

8.      A substantial part of the events giving rise to Ms. Allen-Wise's claims occurred in San Francisco County, at the Bebe retail store at 21 Grant Avenue in San Francisco, California. The San Francisco/Oakland Division is the proper location for this lawsuit under Civil Local Rules 3-2(c) and 3-2(d).

### FACTS COMMON TO ALL CLAIMS

9.      On May 30, 2003, Ms. Allen-Wise purchased a skirt and blouse in the Bebe retail store at 21 Grant Avenue in San Francisco.  She intended to wear these items to a wedding in Memphis, Tennessee on June 7, 2003.

10.     When Ms. Allen-Wise returned home and tried on the skirt, she found that it was too large.  On June 1, 2003, Ms. Allen-Wise purchased the same style skirt in a smaller size at the Bebe retail store at 2405 Stoneridge Mall in Pleasanton, California.  The next day, June 2, 2003, Ms. Allen-Wise returned the skirt she had originally purchased, which was too large, to the Bebe retail store at 21 Grant Avenue in San Francisco and obtained a refund.

11.     Ms. Allen-Wise traveled to Memphis, Tennessee to attend the wedding for which she had purchased her skirt and blouse. When she arrived in Memphis, Ms. Allen-Wise learned that the wedding had just been cancelled.  Because Ms. Allen-Wise had no opportunity to wear the skirt and blouse, she decided to return the two items.

COMPLAINT

18031/69062.3

12.     On June 9, 2003, shortly after returning from Memphis, Ms. Allen-Wise went to the Bebe retail store at 21 Grant Avenue in San Francisco, California, to return the skirt and blouse. Ms. Allen-Wise was accompanied by a friend, Marlene McCoy. Ms. Allen-Wise had with her the skirt and blouse she intended to return, in their original and unworn condition, with all tags attached and in their original condition. Ms. Allen-Wise also had with her the original receipts from the purchase of the skirt and blouse.

13.     Ms. Allen-Wise approached the check-out register and asked for a refund for the return of the blouse and skirt. Ms. Allen-Wise was informed by the Bebe employee at the check-out register that, as a matter of Bebe policy, only a manager was authorized to process the return of the items. On information and belief, this policy was only applied to African-Americans.

14.     The store manager, defendant Melissa Bunfill, came to the check-out register and Ms. Allen-Wise explained that she wanted to return the skirt and blouse because she had never worn them, and would not have an opportunity to wear them. Ms. Allen-Wise gave Ms. Bunfill the skirt and blouse in their original and unworn condition, with all tags attached and in their original condition. Ms. Allen-Wise also gave Ms. Bunfill the receipts for the skirt and blouse, the credit card Ms. Allen-Wise used to purchase the clothing and Ms. Allen-Wise's California driver's license for identification.

15.     After glancing at the skirt and blouse, Ms. Bunfill stated that she would not accept the skirt and blouse for a return because the items had been worn and were soiled. In response, Ms. Allen-Wise explained that the clothing had never been worn.

16.     Ms. Bunfill then stated, "You people always do this." The clear racist meaning behind Ms. Bunfill's statement was that African-Americans always attempt to make or have a practice of making fraudulent returns.

17.     Ms. Bunfill then made the additional claim that the tags on the clothing were not the same kind of tags used by Bebe. Ms. Bunfill accused Ms. Allen-Wise of removing the original tags, wearing and soiling the skirt and blouse, and then attaching forged tags to the clothing to perpetrate a fraud on Bebe.

COMPLAINT

-4-

18031/69062.3

18.     To establish that she had not worn the clothes and then placed forged tags on them, Ms. Allen-Wise retrieved a brand new skirt from a display nearby bearing identical tags to those that were on the skirt and blouse that Ms. Allen-Wise was attempting to return.  Ms. Bunfill still refused to accept the skirt and blouse for return.

19.     Distressed, humiliated and outraged by Ms. Bunfill's false, racially discriminatory and slanderous statements and behavior, Ms. Allen-Wise stated her intention to file a complaint with Bebe's corporate headquarters.  It was only then that Ms. Bunfill even considered accepting the items for a refund.

20.     Ms. Bunfill continued to repeatedly state, however, "I know you wore it, I know for a fact you wore it, I know you wore it because that is what you people do."

21.     Ms. Allen-Wise took back the skirt and blouse and said that she would be filing a complaint against Ms. Bunfill and Bebe with Bebe's corporate headquarters because of Ms. Bunfill's racially discriminatory and false allegations.  Ms. Bunfill then demanded that Ms. Allen-Wise leave the store.

22.     While Ms. Allen-Wise was attempting to return the skirt and blouse, and while she was being subjected to Ms. Bunfill's outrageous behavior, Ms. Allen-Wise's friend, Marlene McCoy, noticed another Bebe employee trying to get her attention.  Ms. McCoy approached the employee, whose name, on information and belief, is Adalia Rubai.  Ms. Rubai stated to Ms. McCoy that in the time period since Ms. Bunfill had become manager of the Bebe store at 21 Grant Avenue, the store had experienced many problems with Ms. Bunfill's behavior similar to the problem Ms. Allen-Wise was then experiencing with Ms. Bunfill.

23.     Ms. McCoy asked Ms. Rubai if she could provide the names of Bebe corporate personnel so that a formal complaint could be lodged against Ms. Bunfill.  Ms. Rubai retrieved a binder containing the names of Bebe corporate personnel and began giving names and contact information to Ms. McCoy.   Ms. Bunfill noticed that Ms. Rubai had taken out the binder and Ms. Bunfill grabbed the binder from Ms. Rubai so that no further information could be given to Ms. McCoy.

24.     After Ms. Bunfill demanded that Ms. Allen-Wise leave the store, Ms. Allen-Wise asked that the San Francisco Police Department be called so that an official report could be made documenting the entire incident.

25.     While awaiting the arrival of the police, Ms. Allen-Wise overheard Ms. Bunfill tell another co-worker, who had not been in the store during the initial exchange, that Ms. Allen-Wise had physically hit Ms. Bunfill.  Ms. Allen-Wise immediately advised Ms. Bunfill and her co-worker that Ms. Allen-Wise had not, in fact, ever physically hit or even touched Ms. Bunfill.

26.     Two police officers eventually arrived and took a statement from Ms. Bunfill, which included the false allegation that she had been physically hit by Ms. Allen-Wise.  The police officers also took a statement from Ms. Allen-Wise.  After reviewing the store security camera, the police officers confirmed that Ms. Allen-Wise did not physically hit Ms. Bunfill. Despite this evidence of Ms. Bunfill's false allegation, and as it became evident to Ms. Allen-Wise, the responding police officers did not take the matter seriously.  Distressed, humiliated and outraged, Ms. Allen-Wise left the store with Ms. McCoy.

27.     Numerous other customers were present in the store and witnessed the exchange between Ms. Bunfill and Ms. Allen-Wise, including Ms. Bunfill's false, racially discriminatory and slanderous statements and behavior, which added to Ms. Allen-Wise's distress, humiliation and outrage.

28.     Later that day, on June 9, 2003, Ms. Allen-Wise, still distressed, humiliated and outraged by Ms. Bunfill's false, racially discriminatory and slanderous statements and behavior, made several calls to Bebe's corporate headquarters to complain about the discrimination and other outrageous conduct to which Ms. Allen-Wise had been subjected.

29.     In the days following June 9, 2003, Ms. Allen-Wise took the skirt and blouse to another Bebe retail store to return the items.  A refund for the skirt and blouse was promptly issued and the Bebe sales clerk at no point suggested that the dress had been worn or that the tags had been altered.

30.     Approximately five weeks after making her complaints to Bebe's corporate headquarters, Ms. Allen-Wise received a telephone call from Craig Walsey, Bebe's General

COMPLAINT

18031/69062.3

1  Counsel.  Mr. Walsey informed Ms. Allen-Wise that he had conducted a "full investigation" and

2  found no reason to believe that racial discrimination had occurred.

3        31.    Ms. Allen-Wise asked Mr. Walsey for additional details as to what comprised the

4  "full investigation."  Mr. Walsey told Ms. Allen-Wise that he did not do any of the things that

5  would constitute a full investigation:  he did not review a police report; he did not attempt to

6  review the tape from the in-store security camera; he did not speak to either of the responding

7  police officers; and he did not attempt to obtain statements from any of the individuals involved

8  in the incident or from any individuals who witnessed the incident.

9

10  **FIRST CLAIM FOR RELIEF**
Deprivation of Equal Rights Under the Law - Action for Damages
(42 U.S.C. § 1981)

11  (Against All Defendants)

12        32.    Ms. Allen-Wise realleges and incorporates the allegations in paragraphs 1 through

13  31 above.

14        33.    Section 1981(a) of Title 42 of the United States Code provides in part, "All

15  persons within the jurisdiction of the United States shall have the same right in every State and

16  Territory to make and enforce contracts … as is enjoyed by white citizens,…"  Section 1981(b)

17  defines "make and enforce contracts" as including "the making, performance, modification, and

18  termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of

19  the contractual relationship."  Section 1981(c) states that these rights "are protected against

20  impairment by nongovernmental discrimination…."

21        34.    By their conduct alleged above, defendants denied, impaired and/or interfered

22  with Ms. Allen-Wise's right to make and enforce a contract with Bebe  under the same terms as

23  Caucasian people and other non-African-American citizens, on the basis of intentional racial

24  discrimination.

25      The facts in support of this allegation are *inter alia* as follows:

26      (a)    Ms. Allen-Wise, an African-American woman, was told by Bebe personnel that

27             only managers are allowed to process returns, a policy applied in a differential

28             manner.

COMPLAINT

-7-

(b)    Ms. Bunfill refused to accept a return of unworn clothing from Ms. Allen-Wise within a reasonable and contractually permissible time period.

(c)    Ms. Bunfill's allegation that the dress had been worn was pretextual.

(d)    Ms. Bunfill's allegation that the plastic connector on the tag was of a different variety than was customarily used by Bebe was pretextual.

(e)    Ms. Bunfill stated, "You people always do this," referring to Ms. Allen-Wise's race.

(f)    Ms. Bunfill stated, "I know you wore it, I know for a fact you wore it, I know you wore it because that is what you people do," referring to Ms. Allen-Wise's race.

(g)    Ms. Bunfill prevented a co-worker from providing Ms. Allen-Wise with the corporate contacts and phone numbers where she could file a complaint.

(h)    Ms. Bunfill told another co-worker the falsehood that Ms. Allen-Wise had physically hit her.

(i)    Ms. Bunfill told the police the falsehood that Ms. Allen-Wise had physically hit her.

(j)    Ms. Bunfill attempted to have Ms. Allen-Wise arrested or detained.

(k)    Ms. Bunfill's actions resulted in distress, humiliation and outrage to Ms. Allen-Wise.

(l)    Ms. Allen-Wise was asked to leave the store and not to return.

(m)    Ms. Bunfill had engaged in such behavior on prior occasions.

(n)    Ms. Allen-Wise was later able to return the skirt and blouse to another Bebe store "no questions asked."

(o)    Bebe took approximately five weeks to respond to Ms. Allen-Wise regarding her complaint.

(p)    Craig Walsey, Bebe's general counsel told Ms. Allen-Wise that he had conducted a full investigation, which was a falsehood.

(q)    Bebe failed to conduct a full investigation of the events of June 9, 2003.

COMPLAINT

18031/69062.3

35.     As an African-American, Ms. Allen-Wise is a member of a protected class.  By their actions, defendants denied, impaired and/or interfered with (1) Ms. Allen-Wise's contractual right to return unworn clothing items within a period contemplated by the retail sales contract; (2) her right to the benefit of the covenant of good faith and fair dealing; and (3) her right to make new contracts, by asking her to leave the Bebe store, after she was made the victim of racial discrimination.

36.     The facts and circumstances surrounding the event support a rational inference of intentional racial discrimination and strongly support a finding of racial animus.

37.     By denying Ms. Allen-Wise the right to make and enforce a contract with Bebe, defendants denied Ms. Allen-Wise of the right to enjoy all the benefits, privileges, terms and conditions of such a contractual relationship, all in violation of 42 U.S.C. § 1981.

38.     Ms. Bunfill was acting in the scope of her employment and on behalf of Bebe, both as a store employee and as a store manager.  She was acting as an agent of Bebe in denying Ms. Allen-Wise the return of an unworn item, a return to which she was contractually entitled. Defendant Bebe is liable for her actions under this cause of action under the doctrine of *respondeat superior*.

39.     Defendant Bebe, despite having knowledge of the discriminatory conduct of Ms. Bunfill, failed to take appropriate remedial action before and after Ms. Allen-Wise informed it of what had occurred, and is therefore also liable under the doctrine of *respondeat superior*.

40.     Bebe was aware of a pattern and practice of discrimination within its organization, in particular on the part of Ms. Bunfill, and failed to act appropriately to prevent repeated civil rights violations and is therefore liable under the doctrine of *respondeat superior*.

41.     Defendant Bebe exercises, owns and controls and exerts influence over the Bebe shop on Grant Avenue and is therefore liable under this cause of action.

42.     Defendants' wrongful conduct was purposeful.

43.     As a proximate result of defendants' wrongful conduct, Ms. Allen-Wise has suffered damage, including emotional injury, in an amount to be proven at trial, and is further entitled to recover her attorneys' fees and costs.  She suffered emotional injury in that she

1   became disgraced, humiliated, remains angry and has developed a fear of entering retail

2   establishments, and purchasing and returning items therein.  Her distress is and was manifested

3   by anxiety, nervousness, stomach aches, head aches, sleep loss, appetite loss and depression,

4   among other things.

5        44.     Ms. Allen-Wise is informed and believes and alleges that defendants' wrongful

6   conduct was intentional, malicious, oppressive, in gross disregard of plaintiff's rights and was

7   intended to cause injury to Ms. Allen-Wise.  Ms. Allen-Wise is therefore entitled to an award of

8   exemplary or punitive damages.

9                          **SECOND CLAIM FOR RELIEF**
                   Discrimination in Places of Public Accommodation
10                              (42 U.S.C. § 2000a)
                             (Against All Defendants)
11

12       45.     Ms. Allen-Wise realleges and incorporates the allegations in paragraphs 1 through

13   44 above.

14       46.     Section 2000a(a) of Title 42 of the United States Code provides, "All persons

15   shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges,

16   advantages, and accommodations of any place of public accommodation, as defined in this

17   section, without discrimination or segregation on the ground of race, color, religion, or national

18   origin."

19       47.     Bebe is a place of public accommodation, as defined in Section 2000a(a) of

20   Title 42.

21       48.     By their conduct alleged above, defendants denied Ms. Allen-Wise the full and

22   equal enjoyment of the goods, services, privileges, and advantages of the Bebe store without

23   discrimination based on her race and color.  Defendants' conduct of subjecting store customers to

24   false, racist, and outrageous remarks deprived Ms. Allen-Wise of the full and equal enjoyment of

25   her contractual rights with Bebe and of Bebe's clothing and apparel.  Bebe, by its poor and

26   inadequate investigation into this matter, has demonstrated its willingness to have this kind of

27   unacceptable behavior perpetrated on other African-American patrons.

28

COMPLAINT                                                          18031/69062.3

49.     Ms. Bunfill was acting within the course and scope of her employment and/or agency with Bebe so that Bebe is liable for Ms. Bunfill's conduct under the doctrine of *respondeat superior*.

50.     By reason of the foregoing, Ms. Allen-Wise asserts a claim for injunctive relief, costs and attorneys' fees pursuant to 42 U.S.C. § 2000a-3.

**THIRD CLAIM FOR RELIEF**
Conspiracy to Deprive Ms. Allen-Wise of her Civil Rights - Action for Damages
(42 U.S.C. § 1985(3))
(Against All Defendants)

51.     Ms. Allen-Wise realleges and incorporates the allegations in paragraphs 1 through 37, 41 through 48 and 50 above.

52.     Section 1985(3) of Title 42 of the United States Code provides in part, "If two or more persons in any State or Territory conspire … for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; … in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators."

53.     If the Court finds Ms. Bunfill to have been acting outside of the scope of her employment, Ms. Bunfill and Bebe conspired to deprive, impair and/or interfere with Ms. Allen-Wise's rights to (1) make and enforce contracts under 42 U.S.C. section 1981; and (2) to enjoy the full and equal enjoyment of the goods and services offered by the Bebe under 42 U.S.C. section 2000a.

54.     By their conduct, defendants conspired to deprive Ms. Allen-Wise and the protected class to which she belongs of their rights under 42 U.S.C. sections 1981 and 2000a and to promote the continued and ongoing violation thereof, for reasons of discriminatory intent and

COMPLAINT

18031/69062.3

1   racial animus, and to obstruct the investigation of the civil rights violations that were perpetrated

2   upon Ms. Allen-Wise.

3       The facts in support of this conspiracy are as follows:

4       (a)    Bebe had a policy or practice or allowed its store managers to follow a practice of

5           requiring returns from African-American customers to be approved by a manager,

6           where a similar requirement was not imposed on returns from customers of other

7           races.

8       (b)    Bebe was aware of the racial animus exhibited by Ms. Bunfill on the day of the

9           incident.

10      (c)    Bebe was aware of a pattern and practice of discriminatory behavior on the part of

11          Ms. Bunfill.

12      (d)    After being notified of the incident and Ms. Bunfill's actions, Mr. Walsey, Bebe's

13          General Counsel, did not conduct a full investigation of the incident.

14      (e)    Mr. Walsey falsely stated to Ms. Allen-Wise that he _had_ conducted a full

15          investigation of the incident.

16      (f)    Mr. Walsey stated that he was satisfied no racial discrimination had occurred.

17      (g)    There were no consequences to Ms. Bunfill as a result of her actions, and no

18          acknowledgment on the part of Bebe as to the incident.

19      (h)    There are Bebe corporate policies designed to prevent and regulate discriminatory

20          actions by employees.

21      (i)    Bebe did not enforce these policies against Ms. Bunfill.

22      (j)    Bebe did not enforce or modify terms in its employment agreement with Ms.

23          Bunfill to regulate her discriminatory behavior.

24      (k)    Bebe has never acknowledged or apologized for the incident.

25      55.    The facts support an inference of the existence of an agreement, a mutual

26  understanding and joint and concerted activity between Ms. Bunfill and Bebe, along with

27  obstructionist activity to evidence a conspiracy in furtherance of the continued and ongoing

28

COMPLAINT

18031/69062.3

1 │ violation of Ms. Allen-Wise's civil rights under both 42 U.S.C. sections 1981 and 2000a, as

2 │ detailed above.

3 │      56.    A racial animus was at the root of Ms. Bunfill and Bebe's actions.  Their

4 │ conspiracy was aimed at interfering with her rights that are protected against private

5 │ encroachment by 42 U.S.C. sections 1981 and 2000a.

6 │      57.    Overt acts were taken in furtherance of this conspiracy, *inter alia*, the

7 │ discriminatory actions of Ms. Bunfill and the statements by Mr. Walsey that he had conducted a

8 │ full investigation when in fact he had not.

9 │      58.    The conspiracy between defendants has resulted in the continued and ongoing

10 │ violation of Ms. Allen-Wise and others of her protected class' rights under 42 U.S.C. sections

11 │ 1981 and 2000a, as detailed above.

12 │      59.    As a proximate result of defendants' wrongful conduct, Ms. Allen-Wise has

13 │ suffered damage, including emotional injury, in an amount to be proven at trial, and is further

14 │ entitled to recover her attorneys' fees and costs.  She suffered emotional injury in that she

15 │ became disgraced, humiliated, remains angry and has developed a fear of entering retail

16 │ establishments, and purchasing and returning items therein.  Her distress is and was manifested

17 │ by anxiety, nervousness, stomach aches, head aches, sleep loss, appetite loss and depression,

18 │ among other things.

19 │      60.    Ms. Allen-Wise is informed and believes and thereon alleges that defendants'

20 │ wrongful conduct was intentional, malicious, oppressive, in gross disregard of plaintiff's rights

21 │ and was intended to cause injury to Ms. Allen-Wise.  Ms. Allen-Wise is therefore entitled to an

22 │ award of exemplary or punitive damages.

23 │ **FOURTH CLAIM FOR RELIEF**
Failure to Prevent Conspiracy - Action for Damages

24 │ (42 U.S.C. §§ 1986)
(Against All Defendants)

25 │

26 │      61.    Ms. Allen-Wise realleges and incorporates the allegations in paragraphs 1 through

27 │ 37, 41 through 48 and 50 through 60 above.

28 │

COMPLAINT

18031/69062.3

62.     Section 1986 of Title 42 of the United States Code provides in part, "Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses to do so, if such wrongful act be committed, shall be liable to the party injured."

63.     Defendants Ms. Bunfill and Bebe both had the power to prevent or aid in the prevention of the conspiratorial acts that resulted in the continued and ongoing violation of Ms. Allen-Wise and others of her protected class' rights under 42 U.S.C. sections 1981 and 2000a, as detailed above.

64.     Defendants' actions and omissions were based on racial animus.

65.     Defendants' wrongful conduct was purposeful.

66.     As a proximate result of defendants' wrongful conduct, Ms. Allen-Wise has suffered damage, including emotional injury, in an amount to be proven at trial, and is further entitled to recover her attorneys' fees and costs.  She suffered emotional injury in that she became disgraced, humiliated, remains angry and has developed a fear of entering retail establishments, and purchasing and returning items therein.  Her distress is and was manifested by anxiety, nervousness, stomach aches, head aches, sleep loss, appetite loss and depression, among other things.

67.     Defendants' wrongful conduct was intentional, malicious, oppressive, in gross disregard of plaintiff's rights and was intended to cause injury to Ms. Allen-Wise.  She is therefore entitled to an award of exemplary or punitive damages.


**FIFTH CLAIM FOR RELIEF**
Discrimination by Business Establishment - Action for Damages
(California Civil Code §§ 51, 51.5 - Unruh Civil Rights Act)
(Against All Defendants)

68.     Ms. Allen-Wise realleges and incorporates the allegations in paragraphs 1 through 50 above.

69.     Section 51 of the California Civil Code provides that "[a]ll persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or disability are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."

70.     Bebe is a "business establishment" as that term is defined by California Civil Code § 51.

71.     Defendants denied to Ms. Allen-Wise the full and equal accommodations, advantages, facilities, privileges, and services Bebe provides to others, because of Ms. Allen-Wise's race, all in violation of California Civil Code §§ 51 and 51.5, by:

(a)     denying Ms. Allen-Wise the right to enforce a contract with Bebe, because of Ms. Allen-Wise's race, in violation of the law;

(b)     denying Ms. Allen-Wise the right to enjoy all the benefits, privileges, terms and conditions of a contractual relationship with Bebe, because of Ms. Allen-Wise's race, in violation of the law;

(c)     subjecting Ms. Allen-Wise to harassing, embarrassing and humiliating conduct, because of Ms. Allen-Wise's race, in violation of the law;

(d)     denying Ms. Allen-Wise a prompt refund, because of Ms. Allen-Wise's race, in violation of the law;

(e)     falsely accusing Ms. Allen-Wise of fraud, because of Ms. Allen-Wise's race, in violation of the law;

(f)     falsely accusing Ms. Allen-Wise of assault and battery, because of Ms. Allen-Wise's race, in violation of the law;

(g)     thwarting Ms. Allen-Wise's efforts to gather public corporate information to file a formal complaint, because of Ms. Allen-Wise's race, in violation of the law.

72.     Defendants' discriminatory conduct was intentional.

73.     Ms. Bunfill was acting within the course and scope of her employment and/or agency with Bebe so that Bebe is liable for Ms. Bunfill's conduct under the doctrine of *respondeat superior*.

COMPLAINT

18031/69062.3

74.     As a proximate result of defendants' conduct, Ms. Allen-Wise has suffered damage in an amount to be proven at trial, and is further entitled to recover her attorneys' fees and costs, as well as statutory damages in an amount to be determined at trial, and trebled by the court.

75.     Defendants' conduct was intentional and committed maliciously, oppressively and/or fraudulently and in conscious disregard of the rights of Ms. Allen-Wise, so as to subject Defendants to an award of exemplary and/or punitive damages pursuant to the provisions of California Civil Code Section 3294.

76.     Bebe knew or had reason to know of the unfitness of Ms. Bunfill and employed her with a conscious disregard of the rights or safety of others and/or Bebe authorized and/or ratified Ms. Bunfill's wrongful conduct, so as to subject Bebe to an award of exemplary and/or punitive damages pursuant to the provisions of California Civil Code Section 3294.

### SIXTH CLAIM FOR RELIEF
Unfair Business Practices - Injunctive Relief
(California Business and Professions Code § 17200)
(Against All Defendants)

77.     Ms. Allen-Wise realleges and incorporates the allegations in paragraphs 1 through 50 and 68 through 76 above.

78.     California Business and Professions Code Sections 17200, et seq. , prohibits unfair and deceptive business practices.

79.     Defendants engaged in unfair and deceptive business practices by:

(a)     denying Ms. Allen-Wise the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations Bebe provides to others, because of Ms. Allen-Wise's race, in violation of the law;

(b)     denying Ms. Allen-Wise the right to enforce a contract with Bebe, because of Ms. Allen-Wise's race, in violation of the law;

(c)     denying Ms. Allen-Wises the right to enjoy all the benefits, privileges, terms and conditions of a contractual relationship with Bebe, because of Ms. Allen-Wise's race, in violation of the law;

COMPLAINT

18031/69062.3

-16-

1        (d)     subjecting Ms. Allen-Wise to harassing, embarrassing and humiliating

2  conduct;

3        (e)     denying Ms. Allen-Wise a prompt refund;

4        (f)     falsely accusing Ms. Allen-Wise of fraud;

5        (g)     falsely accusing Ms. Allen-Wise of assault and battery;

6        (h)     thwarting Ms. Allen-Wise's efforts to gather public corporate information

7  so as to file a formal complaint.

8       80.    Ms. Bunfill was acting within the course and scope of her employment and/or

9  agency with Bebe so that Bebe is liable for Ms. Bunfill's conduct under the doctrine of

10  *respondeat superior*.

11       81.    On information and belief, defendants' conduct is continuing in that defendants

12  continue to engage in unfair and deceptive business practices as described above.

13       82.    Defendants' conduct, unless and until enjoined and restrained by order of this

14  Court, has caused, and will continue to cause, great and irreparable injury to Ms. Allen-Wise and

15  to all people doing business with Bebe.

16       83.    Ms. Allen-Wise has no adequate remedy at law for the injuries already inflicted

17  and likely to continue in that defendants' continue to engage in the described conduct and Ms.

18  Allen-Wise will be required, unless the defendants' wrongful conduct is enjoined, to maintain a

19  multiplicity of judicial proceedings to protect her interests and the interests of the public.  Ms.

20  Allen-Wise is further entitled to recover her attorneys' fees and costs.

21                   **SEVENTH CLAIM FOR RELIEF**
                       Slander *Per Se*

22               (Against All Defendants)

23       84.    Ms. Allen-Wise realleges and incorporates the allegations in paragraphs 1 through

24  50 and 68 through 83 above.

25       85.    California Civil Code Section 46 prohibits slander.

26       86.    Ms. Bunfill orally uttered and communicated to other persons, including but not

27  limited to, police officers, Bebe employees and Bebe customers, that Ms. Allen-Wise had

28  committed a crime by engaging in fraud and related crimes by attempting to return merchandise

COMPLAINT

-17-

1   that had already been worn and had forged tags.  These statements were false and unprivileged,

2   and Ms. Bunfill knew these statements to be false at the time the statements were uttered.

3       87.    Ms. Bunfill orally uttered and communicated to other persons, including but not

4   limited to, police officers, Bebe employees and Bebe customers, that Ms. Allen-Wise had

5   committed a crime by engaging in assault and battery and related crimes by physically attacking

6   Ms. Bunfill.  These statements were false and unprivileged, and Ms. Bunfill knew these

7   statements to be false at the time the statements were uttered.

8       88.    As a proximate result of the slanderous conduct of Ms. Bunfill, Ms. Allen-Wise

9   was subjected to severe emotional distress including, but not limited to, humiliation and mental

10  anguish, manifested by anxiety, nervousness, stomach aches, head aches, sleep loss, appetite loss

11  and depression, among other things, all to Ms. Allen-Wise's damage in an amount to be

12  determined at time of trial.

13      89.    Ms. Bunfill was acting within the course and scope of her employment and/or

14  agency with Bebe so that Bebe is liable for Ms. Bunfill's conduct under the doctrine of

15  *respondeat superior*.

16      90.    The actions of Ms. Bunfill were intentional and committed maliciously,

17  oppressively and/or fraudulently and in conscious disregard of the rights of Ms. Allen-Wise, so

18  as to subject Ms. Bunfill to an award of exemplary and/or punitive damages pursuant to the

19  provisions of California Civil Code Section 3294.

20      91.    Bebe knew or had reason to know of the unfitness of Ms. Bunfill and employed

21  her with a conscious disregard of the rights or safety of others and/or Bebe authorized and/or

22  ratified Ms. Bunfill's wrongful conduct, so as to subject Bebe to an award of exemplary and/or

23  punitive damages pursuant to the provisions of California Civil Code Section 3294.

24

25                      **EIGHTH CLAIM FOR RELIEF**
                    Intentional Infliction of Emotional Distress
                          (Against All Defendants)

26

27      92.    Ms. Allen-Wise realleges and incorporates the allegations in paragraphs 1 through

28  50 and 68 through 91 above.

COMPLAINT

18031/69062.3

93. The conduct of Ms. Bunfill as alleged herein, including, but not limited to racially discriminatory and slanderous statements and actions, was outrageous, as it exceeded the bounds of common decency tolerated by a civilized society, and was intended to cause Ms. Allen-Wise to suffer emotional distress or was committed with reckless disregard to the probability of causing Ms. Allen-Wise to suffer emotional distress.

94. The conduct of Ms. Bunfill as alleged herein has caused Ms. Allen-Wise to suffer severe emotional distress, including, but not limited to, humiliation and mental anguish manifested by anxiety, nervousness, stomach aches, head aches, sleep loss, appetite loss and depression, among other things, all to Ms. Allen-Wise's damage in an amount to be determined at time of trial.

95. Because Ms. Bunfill was acting within the course and scope of her employment and/or agency with Bebe, Bebe is liable for Ms. Bunfill's conduct under the doctrine of *respondeat superior*.

96. Ms. Allen-Wise is informed and believes and thereon alleges that the actions of Ms. Bunfill were intentional and committed maliciously, oppressively and/or fraudulently and in conscious disregard of the rights of Ms. Allen-Wise, so as to subject Ms. Bunfill to an award of exemplary and/or punitive damages pursuant to the provisions of California Civil Code Section 3294.

97. Bebe knew or had reason to know of the unfitness of Ms. Bunfill and employed her with a conscious disregard of the rights or safety of others and/or Bebe authorized and/or ratified Ms. Bunfill's wrongful conduct, so as to subject Bebe to an award of exemplary and/or punitive damages pursuant to the provisions of California Civil Code Section 3294.

### NINTH CLAIM FOR RELIEF
Negligent Hiring, Retention, Supervision and Training
(Against All Defendants)

98. Ms. Allen-Wise realleges and incorporates the allegations in paragraphs 1 through 50 and 68 through 97 above.

COMPLAINT

18031/69062.3

99.     Bebe was under an affirmative duty and obligation to screen and oversee employees prior to their hiring and during retention and to train and supervise its employees to ensure that the employees abide by the laws of the United States and the state of California while performing their job functions.  These laws include, but are not limited to, federal and state anti-discrimination statutes that prohibit racial discrimination as well as state criminal, statutory and common law tort laws.

100.    Ms. Bunfill was incompetent and/or unfit to perform the duties required of her job due to her propensity to violate federal and state anti-discrimination statutes that prohibit racial discrimination as well as her propensity to violate state statutory and common law tort laws, which resulted in a risk and/or hazard that Ms. Bunfill would, in fact, violate these laws. Another Bebe employee, Adalia Rubai, advised Ms. Allen-Wise's friend and witness Marlene McCoy that, since Ms. Bunfill's employment began, Ms. Bunfill had repeatedly acted in a manner similar to the way in which Ms. Bunfill acted towards Ms. Allen-Wise on June 9, 2003.

101.    Bebe knew or had reason to know that Ms. Bunfill was incompetent or unfit to perform the duties required of her job, and Bebe failed to use reasonable care to discover Ms. Bunfill's incompetence or unfitness before hiring her and during her retention.

102.    Bebe failed and/or refused to provide adequate training and supervision to its employees, including Ms. Bunfill, to prevent employees, including Ms. Bunfill, from violating federal and state anti-discrimination statutes that prohibit racial discrimination as well as violating state statutory and common law tort laws.

103.    The conduct of Ms. Bunfill resulted from her incompetence and/or unfitness to perform the duties required of her job, and that conduct has caused Ms. Allen-Wise to suffer severe emotional distress, including, but not limited to, humiliation and mental anguish manifested by anxiety, nervousness, stomach aches, head aches, sleep loss, appetite loss and depression, among other things, all to Ms. Allen-Wise's damage in an amount to be proven at trial.

104.    The actions of Bebe alleged herein were intentional in nature and committed maliciously, oppressively and/or fraudulently and in conscious disregard of the rights of Ms.

COMPLAINT                                                                              18031/69062.3

1 │ Allen-Wise, so as to subject Bebe to an award of exemplary and/or punitive damages pursuant to

2 │ the provisions of California Civil Code Section 3294.

3 │ **PRAYER FOR RELIEF**

4 │     WHEREFORE, Ms. Allen-Wise demands judgment against each of the defendants as

5 │ follows:

6 │     105.   For actual, compensatory, emotional distress, and statutory damages in an amount

7 │ to be proven at trial, and trebled by the court;

8 │     106.   For punitive damages against the defendants;

9 │     107.   For a preliminary and permanent injunction prohibiting defendants and

10 │ defendants' agents, servants and employees, and all persons acting under, in concert with, or for

11 │ them, from denying, and/or aiding and inciting such denial, any person, on the basis of that

12 │ person's race: (1) the full and equal accommodations, advantages, facilities, and services of

13 │ defendants' business establishment; (2) the right to make and enforce a contract with defendant;

14 │ and (3) the right to enjoy all the benefits, privileges, terms and conditions of a contractual

15 │ relationship with defendant; and from engaging in unfair and deceptive business practices

16 │ including the practice of failing to provide prompt refunds.  Bebe should institute a policy of zero

17 │ tolerance for racial discrimination against its customers. This policy should include training for

18 │ Bebe's employees and discipline as severe as termination for conduct such as that of defendant

19 │ Ms. Bunfill so that Bebe's employees shall know and fully understand that they cannot deny

20 │ customers equal service on the basis of race, and they cannot perpetrate racial slurs.

21 │     108.   For attorneys' fees and costs of suit incurred herein; and

22 │     109.   For such other and further relief as the Court deems just and proper.

23 │ ///

24 │ ///

25 │ ///

26 │ ///

27 │ ///

28 │ ///

COMPLAINT

18031/69062.3

**DEMAND FOR JURY TRIAL**

Ms. Allen-Wise demands a trial by jury for all the issues so triable.

Dated:  June 7, 2004

QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP


By _____
Loren Kieve
Deepak Gupta
Bianca Thomas
Dugan Bliss
Attorneys for plaintiff Samantha Allen-Wise

Dated:  June 7, 2004

LAWYERS' COMMITTEE FOR CIVIL RIGHTS
OF THE SAN FRANCISCO BAY AREA


By _____
Michael Harris
Attorneys for plaintiff Samantha Allen-Wise

COMPLAINT

-22-

18031/69062.3